DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| **CHRIS CARTY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **JULIUS WILSON in his official capacity as** ) <br> **Director of Prisons and KEITH FRANCOIS** ) <br> **in his official capacity as Warden,** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. 2015-0022 |

**Appearances:**
**Chris Carty,** *Pro Se*
Red Onion State Prison, Pound, VA
    *For the Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion"), filed on March 17, 2015 (Dkt. No. 2), and his Memorandum of Law in support thereof (Dkt. No. 3). For the following reasons, the Court will deny Plaintiff's Motion in its entirety.[1]

---

[1] A motion for preliminary injunction may be denied without a hearing if "the movant is proceeding on a legal theory which cannot be sustained" or "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Thomas v. Coopersmith*, 2012 WL 3599415, at *10 n.7 (E.D. Pa. Aug. 21, 2010) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) (noting that the "applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction")). The Court concludes that such circumstances are present in this case.

1

I. BACKGROUND

Plaintiff Chris Carty is a prisoner currently incarcerated at Red Onion State Prison ("Red Onion") in Virginia, having been transferred there in 2009 by the Virgin Islands Bureau of Corrections ("BOC"). (Dkt. No. 1, Exh. 3 at ¶ 2; Dkt. No. 2 at ¶ 5; Dkt. No. 3 at 1). Defendants are Julius Wilson, Director of BOC, and Keith Francois, Warden of the Golden Grove Adult Correctional Facility in the Virgin Islands. (Dkt. No. 1, Exh. 3 at 1). Proceeding *pro se*, Plaintiff initiated this matter by simultaneously filing: (1) an Affidavit alleging the violation of his constitutional rights (Dkt. No. 1, Exh. 3); (2) a motion to proceed *in forma pauperis* (*id.*, Ex. 2); and (3) the instant Motion (Dkt. No. 2) and supporting Memorandum of Law (Dkt. No. 3). On March 19, 2015, Plaintiff filed a Complaint alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. (Dkt. No. 4).

In his Complaint, Plaintiff alleges that the conditions of his confinement at Red Onion—including being restricted to a solitary, segregated cell for twenty-three hours a day for five years, and subjected to "physical abuse, torture, discrimination, retaliation, sexual harassment, [and] inadequate medical treatment"—violate his right, guaranteed by the Eighth Amendment of the United States Constitution, to be free from cruel and unusual punishment. (Dkt. No. 4 at ¶ 2). Construed liberally, Plaintiff's Complaint also asserts a violation of his Fourteenth Amendment procedural due process protection based on his transfer to Red Onion from the Virgin Islands. (*See id.* at ¶ 2).[2] Finally, Plaintiff claims that Defendants have deprived him of his constitutional

---

[2] Plaintiff refers to the current conditions of his confinement as imposing "atypical significant hardship," a legal standard related to establishing a liberty interest protected by Fourteenth Amendment procedural due process. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted).

right of access to the courts by transferring Plaintiff to a prison that lacks legal materials on Virgin Islands law. (*Id.* at ¶¶ 2-3).

Plaintiff's Motion focuses solely on his claim of right of access to the courts. (*See* Dkt. Nos. 2, 3). He asserts that he is being irreparably harmed because Defendants, by denying him Virgin Islands legal materials, are preventing him from filing claims in Virgin Islands courts. (Dkt. No. 3 at 2). As relief, Plaintiff requests that Defendants provide legal materials including: the Virgin Islands Rules of Appellate Procedure; the Third Circuit Rules of Appellate Procedure; the Local Rules for the District of the Virgin Islands; "nutshell" books on "procedure, civil rights, constitutional law, and legal research"; the "West Pacific Digest Second Series"; books on federal practice and procedure; and the most recent edition of Black's Law Dictionary. (Dkt. No. 1, Exh. 6 (proposed Order on Plaintiff's Motion)). Alternatively, Plaintiff seeks to be transferred back to BOC custody in the Virgin Islands. (*Id.* at 2).

## II.   DISCUSSION

### A.   Applicable Legal Standards

#### 1.   Injunctive Relief

The Court may grant injunctive relief, under Rule 65 of the Federal Rules of Civil Procedure, either with a temporary restraining order or preliminary injunction. *Am. Tel. & Tel. Co. v. Winback and Conserve Prog. Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). Injunctive relief is extraordinary and "should be granted only in limited circumstances." *Id.* The same test applies to requests for a temporary restraining order and a preliminary injunction. *Smith v. Litton Loan Servicing, LP*, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005). To prevail on a motion for injunctive relief, a plaintiff must show: (1) a reasonable probability of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest

favors such relief. *See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153, 158 (3d Cir. 1999)). The showing must be cumulative; the Court considers each of the four elements and all are required before an injunction may issue. *Goodwin v. Castille*, 465 F. App'x 157, 160 (3d Cir. 2012) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

It is well-established that a plaintiff's failure to demonstrate a reasonable probability of success on the merits, by itself, is fatal to a motion for a temporary restraining order or preliminary injunctive relief. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) (failure to show likelihood of success "must necessarily result in a denial of a preliminary injunction"); *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). The same is true regarding irreparable harm. *ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.") (citing *Instant Air Freight*, 689 F.2d at 800). Furthermore, "where the relief ordered by the preliminary injunction is mandatory and will alter the *status quo*, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction." *Bennington Foods LLC v. St. Croix Renaissance Grp.*, 528 F.3d 176, 179 (3d Cir. 2008).

If Plaintiff can show both a reasonable probability of success on the merits and irreparable harm, the Court then looks to "what the equities seem to require"—"the [harm] to the nonmoving party and whether the [relief] serves the public interest." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000) (internal citations omitted). In accordance with this

standard, Plaintiff must show all four elements before injunctive relief can issue from the Court. *NutraSweet Co.*, 176 F.3d at 153.

### 2.     Right of Access to the Courts

The First and Fourteenth Amendments secure to state prisoners a right of access to the courts to directly or collaterally challenge their sentences or conditions of confinement. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 346, 354-55 (1996)). Prison authorities may ensure this fundamental right by "providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, there is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351; *Monroe*, 536 F.3d at 207 (holding that prisoners do not have an unrestricted constitutional right of access to legal materials). Rather, an access to courts claim is "ancillary" to a plaintiff's underlying claim. *Harper v. Dinella*, 589 F. App'x 67, 69 (3d Cir. 2015) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

Consequently, an inmate alleging a violation of his constitutional right of access must demonstrate "actual injury" to his ability to challenge his sentence or the conditions of his confinement. *Id.* at 351. An "actual injury" occurs "when the prisoner is prevented from pursuing or has lost the opportunity to pursue a nonfrivolous and arguable claim" by the alleged shortcomings in the prison library or legal assistance program. *McBridge v. Warden of Allegheny Cnty. Jail*, 577 F. App'x 98, 99 (3d Cir. 2014) (citing *Christopher*, 536 U.S. at 415); *see Abraham v. Banberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (an actual injury exists when "defendants' actions result[] in the 'loss or rejection of a legal claim'") (quoting *Oliver v. Fauver*, 119 F.3d 175, 177 (3d Cir. 1997)). To show a "nonfrivolous, arguable underlying claim," a plaintiff "must describe the underlying arguable claim well enough to show that it is

5

more than mere hope, and [he] must describe the lost remedy." *Monroe v. Superintendent Coal Twp. SCI*, -- F. App'x --, 2015 WL 310488, at *2 (3d Cir. Jan. 26, 2015) (citing *Monroe*, 536 F.3d at 205 (citing *Christopher*, 536 U.S. at 415)); *see Monroe*, 536 F.3d at 206 n.8 ("[T]he underlying claim should be plead in a manner that satisfies Fed. R. Civ. P. 8(a)."). The actual injury requirement, derived from principles of standing, is an unwaivable constitutional prerequisite. *See Lewis*, 518 U.S. at 351.

**B.     Analysis**

The Court finds that Plaintiff has failed to demonstrate a reasonable probability of success on the merits on his right of access claim, or that he will suffer irreparable injury if his Motion is denied, because Plaintiff has not shown "actual injury"—that is, how he has been prevented from pursuing a nonfrivolous and arguable challenge to his sentence or the conditions of his confinement.

To the extent that Plaintiff's Motion focuses on a lack of Virgin Islands law materials, (*see* Dkt. No. 3 at 1), Plaintiff has not identified actual injury to any "nonfrivolous and arguable claim" that would require local law books. *See McBridge*, 577 F. App'x at 99. Plaintiff simply states that he requires the legal research materials to prepare "pleadings, appeals, and other legal documents for the Virgin Islands that will give [him] access to the Virgin Islands court's jurisdiction eliminating such ongoing constitutional violations of my rights." (Dkt. No. 2 at ¶ 1). However, "the Constitution does not require that prisoners . . . be able to conduct generalized research" and prisoners do not have a right to "transform themselves into litigating engines." *Lewis*, 518 U.S. at 359. Because Plaintiff has not shown he has been "prevented from pursuing or has lost the opportunity to pursue a nonfrivolous and arguable claim" that both requires Virgin Islands law books and is more than a "mere hope," he has failed to show actual injury. *See McBridge*, 577 F. App'x at 99; *Abraham*, 322 F. App'x at 170 (prisoner failed to demonstrate

that he sustained actual injury because he "merely alleged that the[] out-of-state cases 'could' be helpful or 'may' be key"); *Ball v. Hill*, 2013 WL 2155158, at *20 (M.D. Pa. May 17, 2013) (dismissing right to access claim where plaintiff did "not describe, discuss, or identify any allegedly lost claims at all in her complaint" such that the court could not make "any informed judgment regarding whether her underlying legal claims were anything more than a 'mere hope'").

Similarly, insofar as Plaintiff's Motion requests federal legal materials relating to violations of the United States Constitution alleged in his Complaint (*see* Dkt. No. 1, Exh. 6 at 1-2; Dkt. No. 4), he has also failed to show that he has been "prevented from pursuing or has lost the opportunity to pursue" any of his claims. *See McBridge*, 577 F. App'x at 99. The fact that Plaintiff has filed a case with the Court, pursuant to 42 U.S.C. § 1983 is noteworthy in this regard. (*See* Dkt. No. 4); *Greenfield v. Corzine*, 2010 WL 1838397, at *9, 14 (D.N.J. May 6, 2010) (denying motion for preliminary injunction where plaintiff did "not allege that he was unable to file this or any other complaint in the courts, and in fact, he has not been limited in filing the instant action").

Because Plaintiff has not established actual injury as to any local or federal claims challenging his sentence or conditions of confinement, he has failed to establish an "essential prerequisite" to a right of access claim and, therefore, cannot demonstrate a reasonable probability of success on the merits of his right of access claim. *Booze v. Wetzel*, 2012 WL 6137561, at *7 (M.D. Pa. Nov. 16, 2012) (denying motion for preliminary injunction because plaintiff "simply has not shown actual concrete prejudice to him in the litigation of a particular case, the essential prerequisite to a constitutional claim in this setting"); *see Hargis v. Atlantic Cnty. Justice Facility*, 2010 WL 1999303, at *6 (D.N.J. May 18, 2010) (prisoner failed to

"articulate how the allegedly inadequate law library has hindered his efforts to either pursue this claim, his pending federal habeas petition, or defend himself in any pending state proceedings").

Nor has Plaintiff established that he faces irreparable harm if his Motion is denied. Irreparable harm is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight*, 882 F.2d at 800. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* at 801. Speculative injury does not constitute a showing of irreparable harm. *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). Just as Plaintiff has not demonstrated actual injury to his ability to litigate local or federal claims challenging his incarceration, he has not shown that his ability to litigate this or any other suit is being irreparably harmed. *See Ball v. Oden*, 396 F. App'x 886, 887 (3d Cir. 2010) (district court properly denied prisoner's motion for a preliminary injunction because she "has not shown that defendants are irreparably injuring her ability to litigate this or any other suit").

The Court finds that Plaintiff has failed to meet his burden because he cannot demonstrate either a reasonable probability of success on the merits of his claim or irreparable harm absent injunctive relief. Accordingly, the Court will deny Plaintiff's Motion.

### III. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. An appropriate Order accompanies this Memorandum Opinion.

Date:   April 6, 2015                              _____/s/_____
                                                   WILMA A. LEWIS
                                                   Chief Judge

8